# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**VICTOR TORRES-TORRES,**

    Plaintiff,

v.                                                       Case No: 5:18-cv-164-Oc-30PRL

**KW INTERNATIONAL, INC. and**
**SUNG IL LEE**

    Defendants.

## ORDER

In this personal injury action arising out of a motor vehicle accident, Plaintiff has filed a motion to overrule Defendant's objection to Plaintiff's request for production. (Doc. 22). Defendant opposes the motion and argues that the data that is the subject of Plaintiff's request is protected by the work product privilege. (Doc. 28). For the reasons discussed below, Plaintiff's motion is due to be granted and Defendant's objection is due to be overruled.

    **I.**    **BACKGROUND**

Plaintiff Victor Torres-Torres was injured when Defendant Sung Il Lee, who was driving an 18-wheeler for his employer, Defendant KW International, Inc. ("KW") caused a motor vehicle accident involving a vehicle in which Plaintiff was a passenger. (Doc.2). Plaintiff brings claims against Defendants under theories of negligence and strict liability. (Doc. 2). Plaintiff seeks damages for bodily injury, resulting pain and suffering, and related losses. Meanwhile, Defendants have admitted that Defendant Lee was negligent in the operation of the vehicle leased by Defendant KW and that KW is vicariously liable for Lee's negligence. (Doc. 23-1, at ¶¶ 17-20, 24-27, 30- 33, 36-37, 40-43). At issue here is a single request for production, No. 74, of Plaintiff's

Requests for Production directed to Defendant Sung Il Lee. (Doc. 22-1), and Defendant's corresponding response asserting work product privilege (Doc. 22-2). Plaintiff has thus moved to overrule Defendant's objection (Doc. 22), and Defendant has filed a reply (Doc. 28).

I.  **LEGAL STANDARD**

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401).

Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

In order to frame the discovery on this issue, it is essential to determine what the purpose of the discovery is. As the commentary to Rule 26 explains: "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26. Then, of course, it is the "Court's responsibility, using all the information provided by the parties, . . . to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

**II.    DISCUSSION**

At issue here is Plaintiff's request for data downloaded from the Electronic Control Module ("ECM") contained in the vehicle operated by Defendant Sung Il Lee. Of course, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Defendant argues first that the data sought by Plaintiff is not relevant based on its recent admission of liability. This argument, however, is not availing.

In Florida, when computing damages for pain and suffering endured by a plaintiff, "[i]n most instances . . . evidence describing the details of an accident is logically relevant and admissible, even where liability has been admitted, to place the extent of injuries suffered by the plaintiff, as well as the degree of pain endured, in the proper context." *Piamba Cortes v. American Airlines, Inc.,* 177 F.3d 1272, 1306 (11th Cir. 1999). Here, Plaintiff seeks to determine what caused the crash, what factors contributed to it, and how it could have been prevented, which are all issues related to Plaintiff's damages claim. While the ultimate admissibility of such evidence is uncertain, the Court is satisfied that the requested discovery is relevant to Plaintiff's claim for pain and suffering damages.

Defendant has also asserted work product privilege as to the request for the ECM data. The work product doctrine is governed by federal law in diversity cases. *Cutrale Citrus Juices USA, Inc. v. Zurich American Insurance Group*, No. 5:03-cv-420-Oc-10GRJ, 2004 WL 5215191, *2 (M.D. Fla. 2004) (citing *Hickman v. Taylor*, 329 U.S. 495, 512 (1947), *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990)). It protects from disclosure materials prepared in anticipation of litigation by or for a party or that party's representative. Fed. R. Civ. P. 26(b)(3)(A). The party resisting discovery bears the burden of demonstrating the applicability of the work product doctrine.

Here, Defendant asserts the work product doctrine, and thus contends the data is not discoverable absent a showing of undue hardship. The Court is unpersuaded that work product attaches to data generated through the truck's electronic systems in the normal course of operation. Plaintiff is not requesting any interpretation of the data. And the fact that Defendant may have used special equipment to extract the data—to which only it had access—does not protect the data from discovery. Accordingly, the work product doctrine does not attach to the data from the ECM module. *See Rahmings v. Essary*, No. 2:10-cv-716-FtM-29DNF, 2011 WL 13146732, at *3 (M.D. Fla. April 11, 2011).

The Court is also unpersuaded by Defendant's argument that disclosure of the data would serve no purpose because Plaintiff failed to disclose an expert on the subject. The Court is satisfied that, given the circumstances presented in this case, the data from the ECM is discoverable as relevant and proportional to the needs of the case as contemplated by Fed. R. Civ. P. 26(b).

### IV. Conclusion

For the reasons stated above, Plaintiff's motion to overrule Defendant's objection (Doc. 22) is GRANTED. Defendant shall provide a complete response to the disputed discovery request within **ten (10) days** of this Order.

**DONE** and **ORDERED** in Ocala, Florida on April 29, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties