UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**VICTOR TORRES-TORRES,**

    **Plaintiff,**

v.                                                                                                                         Case No: 5:18-cv-164-Oc-30PRL

**KW INTERNATIONAL, INC. and
SUNG IL LEE**

    **Defendants.**

## ORDER

This matter is before the Court on Defendants' motion to strike Plaintiff's experts. (Doc. 45). Plaintiff has filed a response in opposition. (Doc. 48).[1] Although the Court initially set this matter for hearing, the Court finds it unnecessary. Accordingly, the hearing set for June 25, 2019 is **CANCELLED.**

### I.    BACKGROUND

This action arises out of a motor vehicle accident. On July 14, 2017, Plaintiff Victor Torres-Torres was severely injured when Defendant Sung Il Lee, who was driving an 18-wheeler for his employer, Defendant KW International, Inc. ("KW") crashed into his stopped car. Plaintiff filed this action asserting a claim against Lee for negligence and against KW for vicarious liability. (Doc. 2). Defendants have admitted liability, so the only remaining issue is damages.

---

[1] Plaintiff's motion to file his response out of time (Doc. 49) is GRANTED.

The current motion focuses, again, on Plaintiff's expert disclosures. The Court previously addressed the issue on Plaintiff's motion to serve late expert witness disclosures. (*See* Docs. 32, 41). On May 14, 2019, the Court held *inter alia*:

> Plaintiff shall be excluded from offering testimony from any retained or specially employed expert witnesses under Rule 26(a)(2)(B) other than Mr. Langley or Mr. Cody, or expert testimony pursuant to Rule 26(a)(2)(C) from any witness other than Dr. Highsmith. On or before May 24, 2019, Plaintiff shall redraft and serve upon Defendant his existing disclosure. In doing so, Plaintiff shall be limited to supplementing the disclosures of witnesses Highsmith, Cody, and Langley, and shall bring his disclosures into full compliance with Fed. R. Civ. P. 26(a)(2)(B) and (C). If Defendant wishes to file a motion on the grounds that Plaintiff's redrafted expert disclosures are insufficient, it must do so on or before June 10, 2019.

(Doc. 41 at 5). Now, Defendants have filed a motion to strike the opinions of all three experts.

**II.    DISCUSSION**

**A. Dr. Highsmith**

The Court previously ruled that Plaintiff can offer testimony from Dr. Highsmith pursuant to Rule 26(a)(2)(C), which does not require the filing of an expert report. Nevertheless, Plaintiff apparently produced a report for Dr. Highsmith in an abundance of caution. Defendants claim that Dr. Highsmith's report should be stricken because Plaintiff is "trying to convert Dr. Highsmith into a retained expert." (Doc. 45 at 7). In response, Plaintiff reiterates that "Dr. Highsmith is not an expert, but a treating physician" and that he "intends to introduce Dr. Highsmith at trial to testify regarding his opinions surrounding the care and treatment of Plaintiff . . . as it relates to the subject incident" (Doc. 48 at 5).

Regardless of what the report says, based on the Court's prior ruling that Dr. Highsmith is a Rule 26(b)(2)(C) expert witness, his testimony is limited to opinions based on his examination

and treatment of plaintiff, which might include opinions about the cause of plaintiff's injuries, the diagnosis, and the extent of disability. *See Levine v. Wyeth, Inc.*, 2010 WL 2612579, at * 1 (M.D. Fla. June 25, 2010); *Baratta v. City of Largo,* 2003 WL 25686843, at *2 (M.D. Fla. March 18, 2003). If Dr. Highsmith attempts to testify on information gathered outside the course of treatment, it may be excluded. *Id.* The exact boundaries of Dr. Highsmith's testimony "may need to be addressed with specific objections to specific testimony in the context of trial." *Id*. at *3 (*citing Tzoumis v. Tempel Steel Co.,*168 F.Supp.2d 871, 876 (N.D.Ill.2001)).

### B. Lawrence Stuart Cody and Thomas Langley

With respect to Mr. Cody and Mr. Langley, the Court previously ruled that Plaintiff can offer their testimony pursuant to Rule 26(a)(2)(B), which does require the filing of an expert report. Defendants nitpick both reports but fail to raise any compelling arguments as to why either should be stricken.

Defendants generally argue that Mr. Cody's expert report should be stricken because it is "woefully inadequate." However, Defendants have not identified any purported deficiencies nor have they submitted a copy of the report; and thus, the Court is unable to evaluate its sufficiency. Likewise, while Plaintiff had not attached Mr. Cody's expert case or testimony list to the report, he has now produced it to Defendants. (*See* Doc. 48-1).

With respect to Mr. Langley, Defendants argue that the CV did not include any case or testimony list, the report was not signed, and the report referenced but did not include any exhibits. In response, Plaintiff explains that the case or testimony list was provided via email to counsel as a separate document (Doc. 48-2); that while the signature block on page 8 was blank, Mr. Langley signed on page 16 (Doc. 48-3); and that pages 9-15 of the report contained photographs and stop

records used as exhibits to support his report (Doc. 48-3). Moreover, the fact that Mr. Langley's CV was dated 2016 does not serve as a basis to strike him as an expert.

Defendants also argue that Mr. Langley's testimony regarding the speed of vehicles and visibility of Defendant Lee would serve no purpose given the admission of liability. However, in Florida, when computing damages for pain and suffering endured by a plaintiff, "[i]n most instances . . . evidence describing the details of an accident is logically relevant and admissible, even where liability has been admitted, to place the extent of injuries suffered by the plaintiff, as well as the degree of pain endured, in the proper context." *Piamba Cortes v. American Airlines, Inc.*, 177 F.3d 1272, 1306 (11th Cir. 1999).

Accordingly, Defendants' motion to strike Plaintiff's experts (Doc. 45) is DENIED. The parties are cautioned from filing further motions without first conferring as required by Local Rule 3.01(g). The Court believes that a number of these issues could have been resolved by counsel without the involvement of the Court.

**DONE** and **ORDERED** in Ocala, Florida on June 24, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties